**Entered on Docket
January 13, 2010**

_____
**Hon. Mike K. Nakagawa
United States Bankruptcy Judge**

Electronically Filed on _____

**WILDE & ASSOCIATES**
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787
and
MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Bank of America, National Association
09-77692

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-08-18289-mkn |
| Raymond Carvalho | Date: 12/09/09<br>Time: 1:30 pm |
| Debtor | Chapter 7 |

## ORDER VACATING AUTOMATIC STAY

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the above-entitled bankruptcy proceedings is immediately vacated and extinguished for all purposes as to Secured Creditor Bank of America, National Association, its assignees and/or successors in interest, of the subject property, generally described as 9156 Forest Willow Ave, Las Vegas, NV 89149, and legally described as follows:

Parcel I:

Unit 103 in Building 71 of The Plat of HIGH NOON AT ELKHORN RANCH, a Common Interest Community, as shown by Map thereof on file in Book 115 of Plats, Page 88, and as amended by that Certificate of Amendment recorded March 29, 2004 in Book 20040329 as Document No. 01878, in the office of the County Recorder of Clark County, Nevada;

TOGETHER WITH associated Garage Unit, as set forth and subject to that certain Declaration of Covenants, Conditions and Restrictions and Reservation of Easements of ELKHORN HIGH NOON recorded April 27, 2004 in Book 20040427 as Document No. 00660, Official Records.

Parcel II:

A non-exclusive right and easement of ingress and egress and of use and enjoyment in, to, and over all Common Elements, including, but not limited to, Private Streets, as defined in and subject to the Declaration, which are appurtenant to Parcel I described above.

Parcel III:

The exclusive right of use, possession, and occupancy of those portions of above-referenced Plat as designated as exclusive use areas and limited common elements, including, but not limited to, Yard Component, as defined in and subject to the Declaration, which are appurtenant to Parcel I described above.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtor at least five business days' notice of the time, place and date of sale.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Secured Creditor hereby withdraws its secured Proof of Claim filed in this matter. The Secured Creditor shall notify the Trustee of

the completion of the foreclosure sale. If applicable, Secured Creditor may thereafter amend its secured Proof of Claim to an unsecured Proof of Claim no later than forty-five (45) days after the foreclosure sale.

DATED this _____ day of _____, 2009.

Submitted by:

**WILDE & ASSOCIATES**

By: ___/s/Gregory L. Wilde, Esq___
**Gregory L. Wilde, Esq.**
Attorney for Secured Creditor
208 South Jones Boulevard
Las Vegas, Nevada 89107

APPROVED / DISAPPROVED

By:_____
Randolph Goldberg
4000 S. Eastern Ave., #200
Las Vegas, NV 89119
Attorney for Debtor(s)

Nevada Bar No:_____

APPROVED / DISAPPROVED

By:_____
James F. Lisowski, Sr.
P.O Box 95695
Las Vegas, NV 89193
Chapter 13 Trustee

ALTERNATIVE METHOD RE: LOCAL RULE 9021:
In accordance with Local Rule 9021, the undersigned counsel certifies as follows (check one):
\_\_\_\_    The court waived the requirements of LR 9021.
\_\_\_\_    No parties appeared or filed written objections, and there is no trustee appointed in the case.
\_x\_    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond, as indicated below (list each party and whether the party has approved, disapproved, or failed to respond to the document):

(List Parties)
Debtor's counsel:

\_\_\_\_ approved the form of this order          \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or    \_x\_ failed to respond to the document

\_\_\_\_ appeared at the hearing, waived the right to review the order

\_\_\_\_ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:

\_\_\_\_ approved the form of this order          \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or    \_x\_ failed to respond to the document

Other Party:_____

\_\_\_\_ approved the form of this order          \_\_\_\_ disapproved the form of this order

\_\_\_\_ waived the right to review the order and/or    \_\_\_\_ failed to respond to the document

Breach Order:

\_\_\_\_ This is an Order Vacating the Stay after the Failure to cure a Declaration of Breach. Copies of this proposed order were transmitted to Debtor's counsel and appointed trustee to which they have not replied

Submitted by:
/s/ Gregory L. Wilde, Esq.
Gregory L. Wilde, Esq.
Attorney for Secured Creditor